# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TAIKA BLAIER,<br><br>　　Plaintiff,<br><br>v.<br><br>AMPS STAFFING, INC., DARANA HYBRID, INC., and DARRYL CUTTELL, Individually,<br><br>　　Defendants. | Civil Action No. 1:20-CV-2324-AT |

## CONSOLIDATED DISCOVERY STATEMENT

Now comes Plaintiff Taika Blaier ("Plaintiff") and, in accordance with this Court's Standing Order, submits this Consolidated Discovery Statement. Counsel for Plaintiff represent that they have conferred in good faith in an effort to resolve the matters outlined below but have either been unable to reach an agreement and/or Defendants AMPS Staffing, Inc. ("AMPS"), Darana Hybrid, Inc. ("Darana") and Darryl Cuttell ("Cuttell") (collectively "Defendants") failed to produce evidence as agreed. Plaintiff sent Defendants a copy of this Discovery Statement on December 21, 2020, and requested that Defendants add their positions on the issues raised. To

date, Defendants have not responded. The version sent to Defendants did not contain the Introduction below or the exhibits.

### INTRODUCTION

In general, Plaintiff questions Defendants' engagement in discovery in good faith. Plaintiff produced hundreds of email communications with Defendants, including those directly related to her claim of entitlement to commissions. Defendants, on the other hand, produced around 30 email chains, *none* of which touched on that subject. Compounding the problem is that only Defendants have access to communications Plaintiff was not copied on. It is implausible that there were no such communications. Plaintiff has certain of these emails because *she recovered them after many **selective** emails were inexplicably deleted from her work account*. To the best of her knowledge, she was the only employee to notify Defendants and their IT support of deleted emails. Presumably, Defendants still have those emails in their possession, custody, or control, and yet none were produced.

Another example of Defendants' bad faith is Plaintiff's numerous requests for documentation related to those projects Defendants deemed to be associated with Plaintiff which are important to demonstrate commissions owed. Defendants produced very limited documentation, while Plaintiff produced hundreds of pages.

In short, Plaintiff knows some of the universe of documents not being produced, but she cannot know the full universe of evidence that Defendants are not

producing. Defendants have largely ignored Plaintiff's discovery efforts (*See Plaintiff's Motion to Extend Deadlines and Discovery* and Exhibits thereto) and presumably believed they could get away with it because they have apparently spoliated much of the evidence.

While it has the trappings of a motion to compel, that is not the purpose of this introduction. The issues addressed herein have been raised several times, and Defendants have not contested them; rather, they have generally ignored them. It's like boxing shadows. Plaintiff needs clear, truthful and complete discovery responses and document productions so everything is on the table, including genuine objections, so Plaintiff can assess whether to seek withheld discovery.

Ideally, Defendants would serve amended/supplemental discovery responses to all of the already served interrogatories and document requests and report as to what was done to secure evidence, affirm that they have made a good faith effort to locate responsive evidence, and that nothing is being withheld unless objected to. Defendants prefer to ignore their discovery obligations or to simply pretend that they have none.

In the meantime, specific issues in dispute are as follows:

**I. General Objections Should be Withdrawn:**
   A. Defendants should amend their discovery responses and withdraw all general objections asserted in both the responses to interrogatories and requests for production. (Exh. A are examples). Plaintiff first raised this

issue in her September 8, 2020 email.  Plaintiff again raised the issue in correspondence dated November 12, 2020.

B. *Defendants' position: None provided*

C. *Pl. rebuttal: N/A*

## II. Specific Objections Asserted in Response to Plaintiff's First Interrogatories Should be Withdrawn:

A. The specific objections asserted to each Interrogatory should be withdrawn and complete responses provided because Defendants waived their objections by serving untimely responses. *See* Fed. R. Civ. P. 33(b)(4) and Advisory Notes ("Paragraph (4) is added to make clear that objections must be specifically justified, and that unstated or untimely grounds for objection ordinarily are waived."); Fed. R. Civ. P. 34; *see also Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 700 (S.D. Ga. 2012) ("[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived.") (citations and punctuation omitted).[1] Plaintiff first raised this issue in her September 8, 2020 email.  The discovery was served on May 14, 2020.  Defendants removed this litigation on May 28, 2020.  This case was docketed on May 29, 2020. Defendants filed their Answer on June 22, 2020. Defendants discovery responses were not served until August 11, 2020, months late.

B. *Defendants' position: None provided*

C. *Pl. rebuttal: N/A*

## III. First Set of Interrogatories: Interrogatory No. 4:

A. When asked for the identity of women who have resigned in the past ten years Defendants initially responded "none." (Exh. B). Plaintiff knows the response is absolutely false because Plaintiff resigned a few years ago.  After the first meet and confer, Defendants agreed to respond but unilaterally limited the time frame to the period during which Plaintiff was

---

[1] Per the Court's direction in the Standing Order, Plaintiff is not attaching all of Defendants' responses to the First Interrogatories.  If the Court needs the written discovery for resolution, Plaintiff will supplement with the complete set of Defendants' responses.

4

employed. After the second meet and confer, Defendants agreed to advise Plaintiff on or before 12/04/20 whether there is additional information responsive to this Interrogatory *as it was written* and produce responsive documents regarding the same. Defendants then ignored that commitment and failed to do so.

B. *Defendants' position: None provided*

C. *Pl. rebuttal: N/A*

IV. **"To the listed AMPS Staffing Inc./Darana Hybrid, Inc. Employees"**

A. Defendants 000173 is a litigation hold notice with the above quoted heading. Plaintiff requested the list of employees to whom Defendants sent a litigation hold notice. Defendants agreed to produce. Defendants then ignored that commitment and failed to do so.

B. *Defendants' position: None provided*

C. *Pl. rebuttal: N/A*

V. **Defendants' Responses to Second Continuing Interrogatories: Darana (Nos. 2, 3 and 5) and AMPS (Nos. 3 and 4):**

A. Defendants were instructed to "provide an identification sufficient to serve such person with process in order to compel his/her attendance at a place of examination, and [failed to] include, without limitation, his/her full name, present or last-known residence and business addresses, present or last-known business affiliation, home and business and cell telephone numbers, and title or occupation." (Exh. C). Defendants agreed supplement discovery responses with this information. They have not done so. Because Defendants employed the individuals identified, Defendants would have a last known address and telephone numbers of potentially crucial witnesses.

B. *Defendants' position: None provided*

C. *Pl. rebuttal: N/A*

**VI. Defendants' Responses to Second Continuing Interrogatories: Interrogatory No. 7:**

   A. Plaintiff has brought a claim for misappropriation of her image because Darana continued to misrepresent that Ms. Blaier was with the company well after she terminated her employment. Plaintiff sent a cease and desist letter, and it appears to have been ignored. Plaintiff requested the exact date upon which all references to Ms. Blaier on Defendants' website were removed. Defendants represented that did not have the information in their possession, custody, or control. Defendants agreed to provide the name of the outside service that Defendants would have utilized for this task but did not indicate a willingness to secure the information directly from that service and provide it to Plaintiff. Regardless, they have not done so, and Plaintiff needs that information to support her claim. (Exh. D).

   B. *Defendants' position: None provided*

   C. *Pl. rebuttal: N/A*

**VII. Defendants' Responses to Second Set of Requests for Production: No. 28:**

   A. Plaintiff had requested Defendants' current customer list. (Exh. E). Defendants objected and, per the suggestion of Defendant, Plaintiff agreed to limit the scope of the request to Defendants' client list as of six (6) months after Ms. Blaier's resignation date. That list has yet to be produced.

   B. *Defendants' position: None provided*

   C. *Pl. rebuttal: N/A*

Respectfully submitted this 11th day of January, 2021.

*On behalf of Plaintiff*
*Taika Blaier*

　　　　　　　　　　　　　　　　　　　　　　/s/ Cary Ichter
　　　　　　　　　　　　　　　　　　　　　Cary Ichter
　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 382515
　　　　　　　　　　　　　　　　　　　　　Audrey K. Berland
　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 591485
　　　　　　　　　　　　　　　　　　　　　**ICHTER DAVIS, LLC**
　　　　　　　　　　　　　　　　　　　　　3340 Peachtree Rd. NE, Suite 1530
　　　　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30326

                                              404.869.7600 (Phone)  
                                              404.869.7610 (Fax)  
                                              cichter@ichterdavis.com  
                                              aberland@ichterdavis.com